# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TENNESSEE
# MEMPHIS DIVISION

| | |
|---|---|
| **NINA S. JONES** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Case No. _____** |
| ) | |
| **G4S SECURE SOLUTIONS (USA) INC.** ) | |
| ) | |
| **Defendant,** ) | |

## COMPLAINT

Comes the Plaintiff, Nina S. Jones, by and through her attorneys, Sheila F. Campbell and Ronald C. Wilson, and for her Complaint, states:

### PARTIES

1. Plaintiff is a resident of West Memphis, Crittenden County, Arkansas and was at the time that this cause of action arose.

2. Defendant, G4S Secure Solutions (USA) Inc., is a corporation duly organized under the laws of Florida and was conducting business in Memphis, Tennessee and the United States of America at all times pertinent to this cause of action. Its agent of service is Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

### JURISDICTION

3. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e to 20000e-17 and 42 U.S.C. §1981.

## VENUE

4.      Venue is proper in this judicial district under 42 U.S.C. §2000e-5(f)(3) as the Plaintiff was employed by the Defendant in Memphis, Tennessee, and Plaintiff's employment records are maintained in this judicial district, and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

## NATURE OF PROCEEDINGS

5.      Plaintiff seeks legal and equitable relief for the denial of certain rights secured by the civil Rights Act of 1964, codified as 42 U.S.C. §§ 2000e to 2000e-17 and 42 U.S.C. § 1981. Plaintiff seeks legal and equitable relief for discriminatory treatment under the Civil Rights Act of 1964, codified as 42 U.S.C. §§ 2000e to 2000e-17 and 42 U.S.C. § 1981. Such relief is authorized by 42 U.S.C. § 2000e-5(g) and 42 U.S.C. § 1981.  Jurisdiction is further invoked pursuant to 42 U.S.C. § 2000e and 42 U.S.C. § 1981.

## FACTUAL ALLEGATIONS

6.      Plaintiff is an African-American female, and a citizen of the United States.

7.      Plaintiff was employed by the Defendant on January 4, 2011 as a Security Officer and was assigned to Cargill in Memphis, Tennessee where she held the position of site supervisor.

8.      On September 4, 2014, a train at the Cargill site hit a vehicle causing a collision.

9.      Plaintiff immediately reported the accident on September 4, 2014 to Major William Witts, the area supervisor, and he instructed her to act in accordance with the policy and provide notices to the appropriate personnel.  The Plaintiff contacted the appropriate contacts at

Cargill and informed them of the accident and she completed the incident report and sent it by facsimile to Major William Witts on September 4, 2014.

10. The policy required Major William Witts to come to the scene of the incident and meet with the contract manager, but he failed to follow the policy.

11. Approximately two days after the collision, the attorney for the non-fault party involved in the collision faxed a letter of representation about the incident and the Plaintiff communicated that information to the appropriate management authority.

12. Plaintiff was informed on September 9, 2014, that she was being demoted and her pay was cut by $6.00 per hour and she was being placed on the nightshift because she did not follow the policy of reporting the incident. Plaintiff did not accept the position to which she was demoted when she met the qualification of her position as the site manager and had always performed in a manner acceptable to the Defendant.

## CAUSE OF ACTION

13. Plaintiff alleges paragraph numbered (1) through paragraph numbered (12).

14. That Plaintiff was discriminated on the basis of race, black, in violation of her rights under Civil Rights Act of 1964, codified as 42 U.S.C. §§ 2000e to 2000e-17 and 42 U.S.C. § 1981 when she was demoted and constructively discharged on September 9, 2014, for allegedly violating a policy of reporting an incident when the Defendant failed to discipline her Caucasian male supervisor who failed to report the incident.

15. That Plaintiff was discriminated on the basis of her gender, female, in violation of her rights under Civil Rights Act of 1964, codified as 42 U.S.C. §§ 2000e to 2000e-17, when she was demoted and constructively discharged on September 9, 2014, for allegedly violating a

policy of reporting an incident when the Defendant failed to discipline her Caucasian male supervisor who failed to report the incident.

16. That Plaintiff was discriminated on the basis of her gender, female, in violation of her rights under Civil Rights Act of 1964, codified as 42 U.S.C. §§ 2000e to 2000e-17 when she was demoted and constructively discharged on September 9, 2014, when a Caucasian male, less qualified, was promoted to her position of site supervisor.

17. That Defendant's reasons for demoting the Plaintiff was a pretext for discrimination on the basis of her race and sex in violation of the Civil Rights Act of 1964, codified as 42 U.S.C. §§ 2000e to 2000e-17 so management could promote a Caucasian male to her position of site supervisor.

18. That Plaintiff has been discriminated on the basis of race under 42 U.S.C. § 1981 in the past three years by Defendant employing and promoting persons into management positions outside of the protected class that were less qualified. Plaintiff asserts that she has been denied job opportunities on the basis of her race.

19. That Defendant has treated employees outside of the protected class more favorably in their terms and conditions of employment than Plaintiff.

20. Further, the discriminatory policies and practices of the Defendant are otherwise calculated to permit arbitrary and capricious employment practices, which prevent upward mobility among minorities and particularly the Plaintiff.

21. Charges were filed with the Equal Employment Opportunity Commission on September 16, 2014. A copy of said charge is hereby attached and marked as Exhibit "1".

22. On March 25, 2015, the plaintiff received a "Right to Sue Letter" from the Equal Employment Opportunity Commission and has filed this complaint within the ninety day period

required by 42 U.S.C. § 2000e-5.    A copy of the "Right To Sue Letter" is attached hereto as Exhibit "2".

## RELIEF REQUESTED

Plaintiff requests the following relief:

1. That this Court grant such relief as may be appropriate, including injunctive relief, damages, including reinstatement of her employment, promotion to management, back pay, front pay, other employment benefits, loss wages; emotional distress suffered, anxiety, humiliation and punitive damages as a result of the discriminatory acts of the Defendant; attorney's fees and costs, all in an amount that exceeds federal court jurisdiction in diversity cases.

2. That the Plaintiff requests a jury trial.

3. That this Court grants any and all other proper relief to which the Plaintiff may be entitled.

Respectfully submitted,

Sheila F. Campbell
Attorney at Law
P.O. Box 34007
Little Rock, AR  72203
(501)  374-0700
campbl@sbcglobal.net

and

Ronald C. Wilson TBN 012487
Wilson & Associates, P.A.
Attorneys at Law
P.O. Box 1299
West Memphis, AR  72301-1299
(870) 735-2940
esquirewilson@yahoo.com

By:    s/Ronald C. Wilson
        Attorney at Law